## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JUSTIN FASSNACHT, | : | Civil Action No._____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., Inc., | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. §1446

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA:

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant Home Depot U.S.A., Inc.

("Home Depot"), by its attorneys, Epstein Becker & Green, P.C., hereby notices the removal of

this action from the Court of Common Pleas, Lehigh County, to the United States District Court

for the Eastern District of Pennsylvania.  The grounds for removal are as follows:

1.      Plaintiff Justin Fassnacht ("Fassnacht") commenced the instant action against

Home Depot on or about December 22, 2020, by filing a Complaint with the Court of Common

Pleas of Lehigh County, Civil Division No. 2020-C-2949 (the "State Court Action").  A true and

correct copy of the Complaint filed with the Court of Common Pleas is attached hereto as

**Exhibit A**.

2.      Home Depot is the only defendant named in the State Court Action, and appears

specially and without waiver of any jurisdictional defenses.

3.      On December 31, 2020, Plaintiff effected service of the Complaint on Home Depot through the Sheriff's office.  A true and correct copy of the Sheriff's Return of Service is attached hereto as **Exhibit B**.

4.      To date, Home Depot has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

5.      This Notice of Removal is being filed within 30 days of receipt of the Complaint through service upon Home Depot on December 31, 2020, and is timely filed pursuant to 28 U.S.C. §1446(b).

6.      The Court of Common Pleas of Lehigh County, Pennsylvania is located within the Eastern District of Pennsylvania.  Therefore, venue lies in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1446(a).

7.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be promptly filed with the Court of Common Pleas of Lehigh County, Pennsylvania.  A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

8.      Home Depot will provide written notice to opposing counsel via service of the Notice of Filing of Notice of Removal and a copy of this Notice of Removal, pursuant to 28 U.S.C. §1446(d), and will comply with all other procedural mandates applicable to this Notice of Removal.

## BASIS FOR REMOVAL - DIVERSITY

9.      Plaintiff purports to bring this action against Home Depot alleging violations of the Pennsylvania Medical Marijuana Act, 35 Pa. C.S.A. § 10231.101 *et seq.* ("MMA"). Plaintiff's Complaint consists of two counts alleging: (1) a discrimination claim for violation of the MMA based on Plaintiff's status as an individual who is certified to use medical marijuana;

Firm:52205676v1

and (2) a claim for wrongful termination in violation of public policy under Pennsylvania common law.

10.     This action may be removed from the Court of Common Pleas of Lehigh County to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint raises claims over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

11.     This Court has original jurisdiction over this action under 28 U.S.C. §1332(a), and this action may be removed by Home Depot pursuant to 28 U.S.C. §1441, because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     <u>Complete Diversity of Citizenship Exists</u>

12.     There is complete diversity of citizenship between the Plaintiff and Defendant in this action.

a.     According to the Complaint, Plaintiff Justin Fassnacht is a citizen of the Commonwealth of Pennsylvania, residing at 128 N. 4th Street, Reading, Pennsylvania 19601. *See* Complaint, caption.

b.     Defendant Home Depot U.S.A., Inc., is a citizen of states other than Pennsylvania within the meaning of 28 U.S.C. §1332(c)(1), because it is now, and was at the time this action commenced, a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 2455 Paces Ferry Road N.W., Atlanta, Georgia 30339.

### B.     <u>The Amount In Controversy Exceeds $75,000</u>

13.     The amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interests and costs.

Firm:52205676v1

14.     By reason of the factual allegations of the Complaint, the nature of the claims asserted by Plaintiff, and the relief he has requested, it appears to a reasonable probability that the claims exceed the sum or value of $75,000, exclusive of interest and costs.

a.     Plaintiff, whose employment with Home Depot terminated on November 22, 2020, alleges that he has suffered loss of employment as a result of the alleged discrimination and wrongful termination. (Complaint at ¶¶ 25-28, 42, 43).   He seeks "back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority" as a result of the termination of his employment. (Complaint at ¶ 43C).

b.     In this case, Plaintiff asserts he should be "awarded actual damages, as well as damages for the pain, suffering, and humiliation" caused as a result of Defendant's alleged wrongful conduct.  (Complaint at ¶ 43F).

c.     Plaintiff also seeks punitive damages "in an amount believed to be appropriate to deter such conduct by Defendant in the future,"  "reasonable legal fees," and such "other equitable and legal relief" as the Court deems appropriate.  (Complaint ¶¶ 43D, 43E, and 43G).

d.     Plaintiff may be entitled to seek tort damages, including compensatory damages for emotional distress, embarrassment and humiliation.  *See, e.g., Kilpatrick v. Del. Cty. Soc. For Prevention of Cruelty to Animals*, 632 F. Supp. 542, 550 (E.D. Pa. 1986) (holding that emotional distress damages are an available remedy for wrong discharge); *Rothrock v. Rothrock Motor Sales, Inc*., 883 A.2d 511 (Pa. 2005) (affirming jury award of $192,000 in compensatory damages on wrongful discharge claim).

e.     Under the Pennsylvania common law, if successful, a plaintiff may seek punitive damages.  *Woodson v. AMF Leisureland Centers, Inc*., 842 F.2d 699, 703 (3d Cir.

1988).  Punitive damages are included when calculating the amount in controversy required for diversity jurisdiction. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

15.     By reason of the above, the State Court Action is removable from the Court of Common Pleas of Lehigh County to this Court pursuant to 28 U.S.C. §1441(a) because the Complaint raises claims over which this Court has original jurisdiction under 28 U.S.C. §1332(a).  Given the nature of the claims asserted by Plaintiff, and the relief he has requested, it appears to a reasonable probability that the claims for Plaintiff exceed the sum or value of $75,000, exclusive of interest and costs.

16.     By filing this Notice of Removal, Home Depot does not waive its right to object to service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE**, Home Depot respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and processes to remove said action from the Court of Common Pleas of Lehigh County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**EPSTEIN, BECKER & GREEN, P.C.**

DATED: January 20, 2021          By:  *s/Clara H. Rho*
                                           Clara H. Rho (PA ID #328627)
                                           One Gateway Center
                                           Newark, New Jersey 07102
                                           (973) 642-1900
                                           crho@ebglaw.com
                                           Attorneys for Defendant
                                           Home Depot U.S.A., Inc.

## CERTIFICATE OF SERVICE

I certify that on this 20th day of January, 2021, a true and correct copy of the foregoing

Defendant's Notice of Removal, was served by Federal Express, on the attorney for Plaintiff at

the following address:

> Ari R. Karpf, Esq.
> Karpf, Karpf, Cerutti, P.C.
> 3331 Street Road
> Two Greenwood, Suite 128
> Bensalem, PA 19020
> Attorneys for Plaintiff

DATED: January 20, 2021                    By:  *s/Clara H. Rho*
                                                    Clara H. Rho

6

# EXHIBIT A

FILED 12/22/2020 1:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA

**Supreme Court of Pennsylvania**

2020-C-2949   /s/C F

**Court of Common Pleas**
**Civil Cover Sheet**

LEHIGH **County**

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2020-C-2949 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Justin Fassnacht | Home Depot U.S.A., Inc. |

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)  ☐ within arbitration limits  ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes  ☒ No

**Is this an MDJ Appeal?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Ari R. Karpf, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other:
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____

*Updated 1/1/2011*

FILED 12/22/2020 1:55 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949     /s/C F

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY
### PENNSYLVANIA

Justin Fassnacht

VS.

Home Depot U.S.A., Inc.

NO. 2020-C-2949

## NOTICE TO DEFEND-CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Bar Association Lehigh County
1114 Walnut Street
Allentown, PA 18102
(610) 433-6204

FILED 12/22/2020 1:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949      /s/C F

**KARPF, KARPF, CERUTTI, P.C.**
By: Ari R. Karpf, Esquire
Attorney I.D. No.: 91538
3331 Street Road
Two Greenwood, Suite 128
Bensalem, PA 19020
(215) 639-0801

|  |  |  |
|---|---|---|
| JUSTIN FASSNACHT<br>128 N 4th St.<br>Reading, PA 19601 | : <br> : <br> : | COURT OF COMMON PLEAS<br>LEHIGH COUNTY |
| Plaintiff, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO.:  2020-C-2949 |
| HOME DEPOT U.S.A., INC.<br>8500 Willard Dr.<br>Breinigsville, PA 18031 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Justin Fassnacht (*hereinafter* referred to as "Plaintiff"), by and through his

undersigned counsel, hereby avers as follows:

### I. Introduction

1.      Plaintiff has initiated this action to redress violations by Home Depot U.S.A., Inc.

(*hereinafter* referred to as "Defendant") of the Pennsylvania Medical Marijuana Act ("MMA"),

35 Pa. C.S.A. § 10231.101, *et seq.* and Pennsylvania common law.  As a direct consequence of

Defendant's unlawful actions, Plaintiff suffered damages more fully described/sought herein.

### II.  Venue

2.      Venue is properly laid in the County of Lehigh pursuant to Rule 1006(a) of the

Pennsylvania Rules of Civil Procedure because the transactions and occurrences from which the

DocuSign Envelope ID: FILED 2/12/2020 4:55 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949     /s/C F

instant action arises occurred in that county, and Plaintiff worked for Defendant as an employee at its Breinigsville, PA location.

### III.    Parties

3.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

4.    Plaintiff is an adult who has resided at and worked from the above-captioned address at all relevant times herein.

5.    Defendant is a large home improvement retailer with various retail stores and distribution centers located throughout the United States, including the distribution center that Plaintiff was physically employed at in Breinigsville, PA (as identified in the above-captioned address).

6.    At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.    Factual Background

7.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

8.    Plaintiff was hired to work for Defendant's distribution center in Breinigsville, Pennsylvania on or about September 12, 2020.

9.    At all times during his employment with Defendant, Plaintiff was employed in Defendant's outbound department as a "wall builder."

10.    Plaintiff's job duties while employed with Defendant consisted of using a hand-held RF scanner to scan product within the warehouse as well as placing the scanned product in a cart and then loading it onto a truck.

2

FILED 12/22/2020 1:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949      /s/C F

11.     At no point in time during his employment with Defendant was Plaintiff required to drive or operate heavy machinery or work with chemicals.

12.     Plaintiff has and continues to suffer from serious medical conditions, including but not limited to fibromyalgia.

13.     Fibromyalgia is considered a "serious health condition" under Pennsylvania's MMA. *See* 35 Pa. C.S.A. 10231.103.

14.     On or about October 1, 2020, Plaintiff was certified as a qualifying "patient" under the MMA and issued a medical marijuana identification card. *See* 35 Pa. C.S.A. § 10231.501.

15.     On or about November 15, 2020, Plaintiff accidentally dropped his RF scanner while performing work for Defendant and as a result, the screen cracked.

16.     Plaintiff reported this incident to his Supervisor, Craig Ulman (hereinafter "Ulman"), who did not appear to be concerned about the cracked RF scanner and proceeded to provide Plaintiff with another scanner so he could continue to work for the remainder of the day.

17.     Approximately one half hour after Plaintiff apprised Ulman of the cracked RF scanner, Plaintiff was told by Respondent's management that he had to report to the office and undergo a drug test.

18.     When Plaintiff was informed that he would be required to undergo a drug test, he disclosed to Ulman and Ulman's supervisor, Haste (last name unknown – "Haste"), that he would likely not pass the aforesaid drug test because he is a medical marijuana card holder and uses medical marijuana at night to help with the pain associated with his fibromyalgia.

19.     Following Plaintiff's conversation with Haste wherein he disclosed that he was a medical marijuana card holder, Haste asked that Plaintiff show her a copy of his card. Plaintiff

complied with Haste's request and Haste thereafter proceeded to make a photocopy of Plaintiff's medical marijuana card.

20.    Plaintiff underwent the required drug test and was told that the results of the drug test would come back within 3-5 days.

21.    While waiting for the results of his drug test, Defendant allowed Plaintiff to continue working within his same position in the outbound department despite having knowledge that Plaintiff was a medical marijuana card holder and used medical marijuana at night for his fibromyalgia.

22.    Not only did Defendant continue to allow Plaintiff to work while awaiting his aforesaid drug test results, but they also allowed him to train another individual during this timeframe.

23.    Plaintiff was eventually contacted by the lab that conducted the drug test and was told that he had tested positive for THC, to which Plaintiff responded by stating that he was a medical marijuana card holder. Plaintiff was thereafter asked to produce a copy of his medical marijuana card to the lab, which he did.

24.    On or about November 22, 2020, Plaintiff was asked to report to the office for a meeting with Ulman and Haste.

25.    During his November 22, 2020 meeting with Ulman and Haste, Plaintiff was informed that he was being terminated from Defendant.

26.    The reason provided for Plaintiff's termination on November 22, 2020 was "we don't accept medical marijuana."

27.    Pursuant to 35 Pa. C.S.A. § 10231.2103(b)(1), "No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee . . . solely on the basis of such employee's status as an individual who is certified to use medical marijuana."

4

FILED 12/22/2020 1:55 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949    /s/C F

28.     By terminating Plaintiff due to his status as a qualified "patient" under the MMA,

Defendant has violated the law pursuant to 35 Pa. C.S.A. § 10231.2103(b)(1).

### Count I
### Violations of the Pennsylvania Medical Marijuana Act ("MMA"), 35 Pa. C.S.A. § 10231.101, et seq.
### (Wrongful Termination)

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

30.     Plaintiff has and continues to suffer from "serious medical conditions" within the

meaning of the Pennsylvania MMA.

31.     Plaintiff is a qualifying "patient" within the meaning of 35 Pa. C.S.A. §

10231.103.

32.     Defendant is an "employer" within the meaning of 35 Pa. C.S.A. §

10231.2103(b).

33.     Approximately two months into his employment with Defendant, Plaintiff was

required to undergo a drug test.

34.     Plaintiff informed Defendant's management he was likely going to fail the

aforesaid drug test due to his use of prescribed medical marijuana at night for his fibromyalgia.

35.     Plaintiff further informed Defendant's management that he was certified as a

qualifying "patient" under the MMA and was issued a medical marijuana identification card.

36.     Despite knowing this information and allowing Plaintiff to work for several days

while his drug test results were pending, Defendant's management ultimately terminated

Plaintiff's employment, claiming that they "do not accept medical marijuana."

FILED 12/22/2020 1:55 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949    /s/C F

37.     Pursuant to 35 Pa. C.S.A. § 10231.2103(b)(1), "No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee . . . solely on the basis of such employee's status as an individual who is certified to use medical marijuana."[1]

38.     By terminating Plaintiff because he is a qualified "patient" under the MMA, Defendant has violated the law pursuant to 35 Pa. C.S.A. § 10231.2103(b)(1).

### Count II
### Common-Law Wrongful Termination
### (Public Policy Violation)

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     The passage of the Pennsylvania Medical Marijuana Act ("MMA"), 35 Pa. C.S.A. §10231.101, et seq., made clear that the public policy of the State of Pennsylvania is to provide employment and hiring protections for citizens of the state who qualify for the medical use of marijuana and register as qualifying patients with the Department of Health.

41.     In providing protections from discriminatory hiring decisions based on the medical use of marijuana, the legislature made clear that the public policy of the state was to ensure that qualified patients were not denied employment opportunities based on their lawful use of medical marijuana for palliative purposes.[2]

---

[1] Several courts have found an **implied** private right of action for violations of a state medical marijuana act that does not explicitly provide for a private right of action where the plaintiff is a qualifying patient under the act, there is no indication of legislative intent to deny a private cause of action, and the private cause of action is not inconsistent with the underlying legislative purposes of the act. *See Palmiter v. Commonwealth Health Sys., Inc.*, No. 19 CV 1315, 2019 WL 7372712, at *10-15 (Pa. Ct. Com. Pl. Nov. 22, 2019); *Noffsinger v. SSC Niantic Operating Co.*, 273 F. Supp. 3d. 326, 340-41 (D. Conn. 2017) (holding legislature intended a private cause of action under Connecticut's Palliative Use of Marijuana Act); *see also Whitmire v. Wal-Mart Stores Inc.*, 359 F. Supp. 3d 761, 781-82 (D. Ariz. 2019) (following *Noffsinger* to hold there is an implied private cause of action for violations o f the Arizona Medical Marijuana Act); *Chance v. Kraft Heiz Foods Co.*, 2018 Del. Super. LEXIS 1773, *9-18 (Del. Super. Ct. 2018) (same regarding Delaware's Medical Marijuana Act); *Callaghan v. Fabrics Corp.*, 2017 WL 2321181, at *4-8 (R.I. Super. Ct. 2017) (same regarding Rhode Island's medical marijuana statute).

[2] Pennsylvania courts have recognized the existence of a public policy violation in those instances in which the employee is terminated after he engages in conduct which he is privileged by law to do. *See, e.g., Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 395 (W.D. Pa. 2007) ("[A] recognized facet of public policy may be violated by

FILED 12/22/2020 1:55 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949    /s/C F

42.    Defendant terminated Plaintiff's employment because of his lawful use of medical marijuana and a drug test showing such use.

43.    These actions as aforesaid constitute violations of the public policy of Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting retaliation;

B.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of Pennsylvania law;

C.    Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority.

D.    Plaintiff should be awarded punitive damages, as applicable under the laws which he is suing, in an amount believed to be appropriate to deter such conduct by Defendant in the future; and

E.    Plaintiff and employees similarly situated to Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

F.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

---

terminating an employee in retribution for exercising a right protected by a Pennsylvania statute, which, by i ts plain language, fosters a state public policy.") (citation omitted); *Reitz v. Persing*, 831 F. Supp. 410, 415 (M.D. Pa. 1993) (public policy implicated where termination compromised the employee's First Amendment rights and Pennsylvania constitutional rights to free communication of thoughts); *Rettinger v. American Can Co.*, 574 F. Supp. 306, 311 (M.D. Pa. 1983) (employment terminated in retaliation for filing workers' compensation claim); *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998) (for filing a claim for unemployment benefits).

FILED 12/22/2020 1:55 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2949      /s/C F

G.   Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

H.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees (if applicable under relevant law); and

I.   Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date:   December 21, 2020

8

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

_____
Justin Fassnacht

Date: ___12/21/2020_____

# EXHIBIT B

## SHERIFF'S OFFICE COURTHOUSE - 455 HAMILTON ST., RM 253 ALLENTOWN PA 18101-1614
### RETURN OF SERVICE (PURSUANT TO P.A.R.C.P. 405)

|  |  |  |  |
|---|---|---|---|
| | Justin Fassnacht | CASE: | 2020-C-2949 |
| | - VS - | | |
| WRIT: | Home Depot U S A Inc | | |
| | Complaint in Civil Action | | |
| SERVE: | Home Depot U. S. A., Inc. | REC'D: | 12/28/2020 |
| AT: | 8500 Willard Drive | ENTRY: | 12/30/2020 |
| | Breinigsville, PA 18031 | | |
| ATTY: | Ari R Karpf, Esq     215-639-0801 | EXPIR: | 01/21/2021 |

SERVICE ATTEMPTS                    ADDITIONAL INFORMATION
DATE/TIME

1. _____ . _____

2. _____ . _____

3. _____ . _____

4. _____ . _____

DEFENDANT'S PHONE NUMBER: _____

SERVED    NAME OF INDIVIDUAL SERVED  Matt Brown

RELATIONSHIP TO DEF'T:  PERSONAL   PERSON IN CHARGE   OTHER Accident Prevention

LOCATION OF SERVICE: _8500_ Wilard Dr  Breinigsville, Pa 18031

DATE OF SERVICE: _12-31-2020_       TIME OF SERVICE: _1212_

NO SERVICE DATE/TIME _____       REASON: _____

ATTY NOTIFIED     DATE/TIME: _____    . _____

NAME OF CONTACT: _____    _____

### ACCEPTANCE OF SERVICE
I HEREBY ACCEPT SERVICE OF THE LEGAL PROCESS AS OUTLINED ON THE FRONT OF THE DOCUMENT. THIS SERVICE IS ACCEPTED ON
BEHALF OF THE LISTED DEFENDANT(S)
AND I HEREBY CERTIFY THAT I AM AUTHORIZED TO DO SO.

_____              _Mag ditch #845_
PRINTED NAME OF AUTHORIZED AGENT              PRINTED NAME OF DEPUTY SHERIFF

_____       SO ANSWERS, _____
SIGNATURE OF AUTHORIZED AGENT                    DEPUTY SHERIFF

                                      SHERIFF OF LEHIGH COUNTY _____

# EXHIBIT C

Clara H. Rho (PA ID #328627)
Epstein Becker & Green, P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
Attorneys for Defendant
Home Depot U.S.A., Inc.

---

| | |
|---|---|
| JUSTIN FASSNACHT<br>128 N 4TH ST.<br>Reading, PA 19601<br><br>     Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., Inc.<br>8500 Willard Dr.<br>Breinigsville, PA 18031<br><br>     Defendant. | COURT OF COMMON PLEAS<br>LEHIGH COUNTY<br>CIVIL TRIAL DIVISION<br><br>No.: 2020-C-2949 |

---

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

TO THE PROTHONOTARY OF THE
COURT OF COMMON PLEAS OF LEHIGH COUNTY:

**PLEASE TAKE NOTICE** that, on January 20, 2021, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Home Depot U.S.A., Inc. caused to be filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, Defendant's Notice of Removal of this Action to remove the above-captioned action from the Court of Common Pleas, Lehigh County, Pennsylvania, Case No. 2020-C-2949, to the United States District Court for the Eastern District of Pennsylvania ("Notice of Removal"). A true and correct copy of Defendant's Notice of Removal is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. §1446(d), the filing of that Notice of Removal, together with the filing of the attached Notice of Removal with this

Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded by the federal court.

Respectfully Submitted,

Dated: January 20, 2021

**Epstein Becker & Green P.C.**

By: _____
Clara H. Rho (PA ID #328627)
Epstein Becker & Green, P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
crho@ebglaw.com
Attorneys for Defendant
Home Depot U.S.A., Inc.

2

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused the foregoing Notice of Filing of Notice of Removal to be filed electronically with the Prothonotary, Court of Common Pleas, Lehigh County, Pennsylvania, and a copy of same to be served upon Plaintiff, via the Court's electronic filing system, to:

>Ari R. Karpf,
>Karpf, Karpf, Cerutti, P.C.
>3331 Street Road
>Two Greenwood, Suite 128
>Bensalem, Pennsylvania 19020
>Attorneys for Plaintiff

By: _____
Clara H. Rho

DATED: January 20, 2021