### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN FASSNACHT, | : |
| Plaintiff, | : Civil Action No.: 21-cv-00269-JLS |
| v. | : |
| HOME DEPOT U.S.A. INC., | : |
| Defendant. | : |

### DEFENDANT HOME DEPOT U.S.A., INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**EPSTEIN BECKER & GREEN, P.C.**

Clara H. Rho (PA ID #328627)
One Gateway Center, 13th Fl.
Newark, New Jersey 07102
Telephone: (973) 642-1900
Facsimile: (973) 639-8556

Attorneys for Defendant
Home Depot U.S.A., Inc.

Firm:52290310v1

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. PROCEDURAL HISTORY ....................................................................................... 1

III. STATEMENT OF FACTUAL ALLEGATIONS ..................................................... 2

IV. LEGAL ARGUMENT ............................................................................................... 3

    A. Legal Standard for Motion to Dismiss ........................................................... 3

    B. Plaintiff's Common Law Claim of Wrongful Termination Should Be Dismissed .......... 4

    1. Plaintiff Cannot Identify a Clear Mandate of Public Policy ........................... 4

    2. Plaintiff's Common Law Wrongful Discharge Claim Cannot Be Recognized Because a Statutory Remedy Exists .................................................................. 5

V. CONCLUSION ......................................................................................................... 7

Firm:52290310v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
    988 F.2d 1157 (Fed. Cir. 1993)..................................................................................................3

*Angelini v. U.S. Facilities, Inc.*,
    No. 17-4133, 2018 WL 3155995 (E.D. Pa. June 27, 2018)..............................................5, 6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................3, 4

*Booth v. McDonnell Douglas Truck Svc., Inc.*,
    585 A.2d 24 (Pa. Super. 1991)...................................................................................................4

*Bright v. Westmoreland City*,
    380 F.3d 729 (3d Cir. 2004).......................................................................................................2

*Bruffet v. Warner Communications, Inc.*,
    692 F.2d 910 (3d Cir. 1982).......................................................................................................7

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
    No. 92-cv-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994).......................................................1

*Clay v. Advanced Computer Applications*,
    559 A.2d 917 (Pa. 1989) .......................................................................................................4, 6

*Commonwealth v. Jezzi*,
    208 A.3d 1105 (Pa. Super. 2019)...............................................................................................2

*Herschberger v. Jersey Shore Steel Co.*,
    575 A.2d 944 (Pa. Super. 1990).................................................................................................5

*Hudnell v. Thomas Jefferson Univ. Hospitals, Inc.*,
    No. 20-01621, 2020 WL 5749924 (E.D. Pa. Sept. 25, 2020)..............................................5, 6

*Hunger v. Grand Cent. Sanitation*,
    670 A.2d 173 (Pa. Super. 1996).................................................................................................4

*Kanter v. Barella*,
    489 F.3d 170 (3d Cir. 2007).......................................................................................................3

Firm:52290310v1

*Macken v. Lord Corp.*,
    585 A.2d 1106 (Pa. Super. 1991).......................................................................................6

*McLaughlin v. Gastrointestinal Specialists, Inc.*,
    750 A.2d 283 (Pa. 2000) ................................................................................................4, 5

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997)................................................................................................3

*Perry v. Tioga Cnty*,
    649 A.2d 186 (Pa. Commw. Ct. 1994) ................................................................................7

**Statutes**

Pennsylvania Medical Marijuana Act, 35 P.S. §§ 10231.101 *et seq*. .................................... passim

**Other Authorities**

Federal Rule of Civil Procedure 12(a)(4) .......................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................1, 2, 3

iii

Firm:52290310v1

I.      **INTRODUCTION**

Plaintiff Justin Fassnacht ("Plaintiff") brings a two-Count employment discrimination action under the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101 *et seq*., and the Pennsylvania common law.  Plaintiff alleges that Defendant Home Depot U.S.A., Inc. ("Home Depot") discriminated against him because of "his status as a qualified patient under the MMA," and wrongfully terminated him based on a positive drug test.

Home Depot, by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Count Two of Plaintiff's Complaint, alleging a common law wrongful termination claim, for failure to state a claim upon which relief can be granted.[1]

Accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiff, his common law claim alleging wrongful termination fails, as a matter of law, because no clear mandate of public policy has been violated, and a common law cause of action is not available where, as here, a statutory remedy is available.

II.     **PROCEDURAL HISTORY**

On December 22, 2020, Plaintiff filed a Complaint against Home Depot in the Lehigh County Court of Common Pleas alleging medical marijuana discrimination under the MMA, and a claim of wrongful termination in violation of Pennsylvania common law.

On January 20, 2021, Home Depot timely removed this action to the United States District Court for the Eastern District of Pennsylvania.  (ECF No. 1).  Home Depot now submits

---

[1] Because this is a partial motion to dismiss, Home Depot will file its answer to the remaining allegations in the Complaint 14 days after this Court's ruling in accordance with Federal Rule of Civil Procedure 12(a)(4), or as otherwise directed by the Court.  *See, e.g., Circuit City Stores, Inc. v. Citgo Petroleum Corp.,* No. 92-cv-7394, 1994 WL 483463 at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").  Home Depot does not waive and expressly reserves all other claims and defenses related to Plaintiff's Complaint.

1

this Motion to Dismiss Plaintiff's Complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.    STATEMENT OF FACTUAL ALLEGATIONS

Home Depot employed Plaintiff from September 12, 2020 to November 22, 2020, as a warehouse associate in its Breinigsville, Pennsylvania distribution center.[2]  Compl. ¶¶ 8, 9, 25. Plaintiff alleges he suffers from medical conditions, and he is certified to use medical marijuana under the MMA.  *Id*. ¶¶ 12, 14.

On November 15, 2020, Plaintiff claims he accidentally dropped and damaged a hand-held RF scanner used to scan product within the warehouse.  Compl. ¶ 15.  Due to the workplace accident resulting in damage to property, Plaintiff was advised that he would need to complete a drug test.  *Id*. ¶ 17.  He informed Home Depot management that he "would likely not pass because he is a medical marijuana card holder and uses medical marijuana."  *Id*. ¶ 18.

Plaintiff took the required drug screening test, and tested positive for marijuana.  Compl. ¶¶ 20, 42.  Plaintiff alleges that Home Depot terminated his employment due to his positive marijuana test in violation of the MMA.[3]  *Id*. ¶ 42.

---

[2] For purposes of this Motion and Memorandum of Law only, Home Depot assumes the truth of the factual allegations set forth in Plaintiff's Complaint.  *See Bright v. Westmoreland City,* 380 F.3d 729, 735 (3d Cir. 2004).  Home Depot neither admits nor concedes the truth, materiality, or relevance of any of the purported facts contained in the Complaint and/or recited herein for any other purpose.

[3] The MMA prohibits discrimination against an employee "solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. §§ 10231.2103(b)(1).  The MMA, however, does not require that an employer provide an accommodation therefor, and does not limit an employer's right to discipline an employee for being under the influence of medical marijuana in the workplace or for conduct falling below standards of normal care while under the influence of medical marijuana. 35 P.S. § 10231.2103(b)(2).  The MMA "provides a very limited and controlled vehicle for the legal use of medical marijuana by persons qualified under the MMA.  Outside the MMA, marijuana remains a prohibited Schedule I controlled substance for the general citizenry who are unqualified under the MMA."  *Commonwealth v. Jezzi*, 208 A.3d 1105, 1115 (Pa. Super. 2019) (*citing* MMA §§ 10231.102(3) and 10231.304).

## IV. LEGAL ARGUMENT

### A. Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss all or part of an action based upon a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all well pleaded factual allegations in the complaint. *Kanter v. Barella,* 489 F.3d 170, 177 (3d Cir. 2007). A court need not "credit a complainant's bald assertions or legal conclusions" contained in the complaint. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

A complaint may be dismissed where the facts pleaded, and the reasonable inferences drawn therefrom, are insufficient to support the relief sought. *Morse,* 132 F.3d at 906. Thus, Rule 12(b)(6) operates to weed out claims that, as in this case, "are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burden of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Plaintiff's common law wrongful termination claim cannot survive this Rule 12(b)(6) motion because it fails as a matter of law to state plausible grounds for the relief sought. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The Complaint must contain sufficient factual allegations to "raise a right to relief beyond a speculative level." *Id.* When ruling on a motion to dismiss, the court acts as a gatekeeper to prevent a plaintiff with "a large groundless claim" from being allowed to "take up the time of a number of other people." *Twombly*, 550 U.S. at 577-58. In making this determination, the court

should "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Here, Plaintiff's Complaint does not state plausible grounds for the relief sought. *Twombly*, 550 U.S. at 555-56.

### B. Plaintiff's Common Law Claim of Wrongful Termination Should Be Dismissed

"As a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." *Clay v. Advanced Computer Applications*, 559 A.2d 917, 918 (Pa. 1989) (*citing Geary v. U.S. Steel Corp.*, 319 A.2d 174 (Pa. 1974)). "Exceptions to this rule have been recognized only in the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000) (*quoting Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990)).

#### 1. Plaintiff Cannot Identify a Clear Mandate of Public Policy

To fall within a public policy exception to the at-will employment doctrine, a plaintiff must demonstrate that his termination threatens a clear and substantial public policy articulated in the Pennsylvania Constitution, or in the Commonwealth's legislation, administrative regulations, or judicial decisions. *McLaughlin*, 750 A.2d at 288. A plaintiff "must do more than show a possible violation … that implicates only [his] own personal interest." *Id*. at 289.

"It is not sufficient that the employer's actions toward the employee are unfair." *Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 175-76 (Pa. Super. 1996) (citations omitted). Rather, "[t]he public policy claimed to have been violated must go to the heart of the citizen's rights, duties, and responsibilities, or the discharge is not wrongful." *Booth v. McDonnell Douglas Truck Svc., Inc.*, 585 A.2d 24, 28 (Pa. Super. 1991) (*citing McGonagle v. Union Fidelity Corp.*, 556 A.2d 878, 885 (Pa. Super. 1989)).

Here, the basis for Plaintiff's wrongful discharge claim is that he was allegedly terminated because he tested positive on a drug screening test. An employer's use of a drug test to ensure workplace safety of its employees does not violate a clear mandate of public policy. In *Hershberger v. Jersey Shore Steel Co.*, 575 A.2d 944, 949 (Pa. Super. 1990), the court refused to recognize a wrongful discharge claim based on an inaccurate drug test, finding that the discharge did not violate a "public policy which strikes at the heart of a citizen's social right, duties, and responsibilities." The court in *Hershberger* concluded, there is no "'clear' mandate in the form of public policy allowing for the existence of a cause of action for wrongful discharge founded upon the use of a drug screening test [.]" *Id*. at 947.

Moreover, "Pennsylvania courts have found a clear mandate of public policy threatened on very few occasions." *Hudnell v. Thomas Jefferson Univ. Hospitals, Inc.*, No. 20-01621, 2020 WL 5749924, at *6 (E.D. Pa. Sept. 25, 2020). In *Hudnell*, the Court dismissed the plaintiff's common law wrongful discharge claim premised on a violation of the MMA, holding it "lack[ed] clear indication from the Pennsylvania courts that discharge in violation of the MMA threatens clear mandates of public policy" and "the Court declines to extend this 'limited' exception." *Id*. at *6.

Similarly, here, the Court should find that Plaintiff's allegation that he was terminated in violation of the MMA does not threaten a clear mandate of public policy under Pennsylvania law.

    2.    **Plaintiff's Common Law Wrongful Discharge Claim Cannot Be Recognized Because a Statutory Remedy Exists**

An employee may only bring a common law wrongful discharge claim "so long as there is no other statutory remedy available." *See Angelini v. U.S. Facilities, Inc.*, No. 17-4133, 2018 WL 3155995, at *12 (E.D. Pa. June 27, 2018) (dismissing common law wrongful discharge

5

claim because "[i]t is well-settled that Pennsylvania law does not recognize a common law cause of action for violating public policy when there is an existing statutory remedy") (*citing Preobrazhenskaya v. Mercy Hall Infirmary*, 71 Fed. Appx. 936, 941 (3d Cir. 2003)); *Macken v. Lord Corp.*, 585 A.2d 1106, 1108 (Pa. Super. 1991) ("Pennsylvania recognizes a cause of action in the absence of a statutory remedy and when an important, well-recognized facet of public policy is at stake"). "It is the existence of a statutory claim, and not the success of one that determines whether a common law claim is preempted." *Angelini*, 2018 WL 3155995, at *12 (quoting *DeMuro v. Philadelphia Hous. Auth.*, 1998 WL 962103, at *5 (E.D. Pa. Dec. 21, 1998)).

In *Clay v. Advanced Computer Applications,* 559 A.2d 917, 919 (Pa. 1989), the Pennsylvania Supreme Court determined that an employee could not state a claim for wrongful discharge in violation of public policy by citing to the PHRA as the source of public policy violated by the termination, and that "the remedy that should have been invoked . . . was the one provided for by the PHRA."

Here, the alleged right is likewise one of "purely statutory origin." The MMA specifically authorizes the Department of Health to issue civil penalties for violations of the Act and permits it to pursue "any other remedy available[.]" *See* 35 P.S. §10231.1308(b). Accordingly, since the MMA vests the right of enforcement for alleged violations of the Act in the Department of Health, and Plaintiff has a statutory remedy available in the MMA, there is no cause of action for termination in violation of public policy. *Hudnell*, 2020 WL 5749924, at *6 (dismissing wrongful discharge claim, with prejudice, "because [plaintiff] has a statutory remedy available in the MMA"); *Bruffet v. Warner Communications, Inc.*, 692 F.2d 910, 919 (3d Cir. 1982) ("[T]he only Pennsylvania cases applying the public policy exception have done so where

no statutory remedies were available."); *Perry v. Tioga Cnty*, 649 A.2d 186, 189 (Pa. Commw. Ct. 1994) (affirming dismissal of wrongful discharge claim where plaintiff had a statutory remedy under the Pennsylvania Whistleblower Act); *Angelini*, 2018 WL 3155995, at *12 (dismissing common law wrongful discharge claim where plaintiff had a statutory remedy under the Whistleblower Act).

## V. CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that the Court dismiss Count Two of Plaintiff's Complaint, alleging a claim of wrongful termination in violation of Pennsylvania common law, with prejudice for failure to state a claim.

Respectfully submitted,

**EPSTEIN BECKER & GREEN, P.C.**

Dated: January 27, 2021

*s/ Clara H. Rho*
Clara H. Rho (PA ID #328627)
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
Telephone:  (973) 642-1900
Facsimile:  (973) 639-8530
Attorneys for Defendant Home Depot U.S.A., Inc.