IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN FASSNACHT<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　　　　　Defendant. | Civil Action No.: 5:21-cv-269-JLS |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by its undersigned counsel, hereby responds to the allegations in the First Amended Civil Action Complaint ("Amended Complaint") filed by Plaintiff Justin Fassnacht ("Plaintiff") as follows. The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiff's Amended Complaint.

**AS TO "INTRODUCTION"**

1.　As to the allegations in Paragraph 1 of the Amended Complaint, Defendant admits only that Plaintiff purports to bring this matter pursuant to the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §10231.101, *et seq.* Defendant denies that Plaintiff has stated a viable claim under MMA, and denies that it has engaged in any unlawful actions, and denies that Plaintiff is entitled to any relief in this case.

## AS TO "VENUE"

2. The allegations set forth in Paragraph 2 of the Amended Complaint are conclusions of law and, as such, require no response. To the extent a further response is required, Defendant denies the allegations set forth in Paragraph 2 of the Amended Complaint, except admits that Defendant removed this matter to this Court via a Notice of Removal on January 20, 2021, and does not presently dispute that venue in this Court is proper.

## AS TO "PARTIES"

3. Defendant repeats and reiterates each and every response contained in Paragraphs 1 through 2 above, as if fully set forth herein.

4. On information and belief, Defendant admits that Plaintiff is an adult individual with a residential address located as set forth in the Amended Complaint. Defendant further admits that Plaintiff worked at Home Depot's distribution center in Breinigsville, Pennsylvania. Except as so stated, Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

5. As to the allegations in Paragraph 5 of the Amended Complaint, Defendant states that it operates home improvement retail stores in the United States, and a distribution center in Pennsylvania. Defendant admits that Plaintiff worked at Home Depot's distribution center located at 8500 Willard Drive, Breinigsville, Pennsylvania 18031. Defendant denies Plaintiff's characterization of Defendant's business, and denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. The allegations set forth in Paragraph 6 of the Amended Complaint are conclusions of law and, as such, require no response. To the extent a further response is required, Defendant denies that any of Defendant's agents, servants, and employees engaged in any unlawful conduct toward Plaintiff or that any such conduct could be imputed to Defendant.

Firm:52311909v1

## AS TO "FACTUAL BACKGROUND"

7. Defendant repeats and reiterates each and every response contained in Paragraphs 1 through 6 above, as if fully set forth herein.

8. As to the allegations in Paragraph 8 of the Amended Complaint, Defendant avers that, on or about September 12, 2020, Home Depot hired Plaintiff as a General Warehouse Associate at Home Depot's distribution center in Breinigsville, Pennsylvania. Except as so stated, Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9. As to the allegations in Paragraph 9 of the Amended Complaint, Defendant avers that Plaintiff was employed as a General Warehouse Associate, and assigned to the outbound department, where one of the duties involved wall building. Except as so stated, Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10. As to the allegations in Paragraph 10 of the Amended Complaint, Defendant avers that Plaintiff's job responsibilities as a General Warehouse Associate, included, but was not limited to, scanning products using a radio frequency ("RF") gun, loading and unloading trucks, and moving merchandise to designated areas in the warehouse. Except as so stated, Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11. As to the allegations in Paragraph 11 of the Amended Complaint, Defendant avers that during the brief time that Plaintiff was employed at Home Depot he did not drive or operate machinery, but he worked in a safety sensitive environment as the warehouse floor has nearly continuous traffic with forklifts and other similar vehicles. Except as so stated, Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of Plaintiff's allegations in Paragraph 12 of the Amended Complaint relating to his

alleged "serious medical conditions," and, therefore, denies same.  Except as so stated, Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13. The allegations set forth in Paragraph 13 of the Amended Complaint assert a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the legal argument contained in Paragraph 13, and refers to the statute, 35 Pa. C.S.A. § 1023.103, for the contents thereof.  Except as so stated, Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 14 of the Amended Complaint concerning Plaintiff's status as a "qualifying patient" under the MMA and when he was certified/issued a medical marijuana card, and, therefore, denies same.  Except as so stated, Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. As to the allegations in Paragraph 15 of the Amended Complaint, Defendant avers that, on or about November 15, 2020, Plaintiff informed Area Supervisor Craig Ulmer that he damaged the RF gun, breaking the screen, while pushing a cart.  Except as so stated, Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17. As to the allegations in Paragraph 17 of the Amended Complaint, Defendant avers that shortly after Plaintiff informed Area Supervisor Craig Ulmer of the workplace accident involving property damage, Plaintiff was required to take a post-accident drug and alcohol test. Except as so stated, Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

18.   As to the allegations in Paragraph 18 of the Amended Complaint, Defendant avers that, on or about November 15, 2020, after his workplace accident, Plaintiff separately notified Area Supervisor Craig Ulmer and Operations Manager Hastie Bibbs that he would likely fail the drug test because he was taking marijuana for fibromyalgia.  Except as so stated, Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19.   Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

20.   As to the allegations in Paragraph 20 of the Amended Complaint, Defendant avers that Plaintiff took the post-accident drug/alcohol test, and he was subsequently notified of the result.  Except as so stated, Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21.   Defendant denies the allegations in Paragraph 21 of the Amended Complaint, except admits that Plaintiff continued working for Defendant in November 2020 while the results of the drug/alcohol test was pending.  Except as so stated, Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.   Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23.   Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 23 of the Amended Complaint of Plaintiff's discussion with an unidentified person from "the lab," and, and therefore, denies same.  Except as so stated, Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.   Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 24 of the Amended Complaint relating to a conversation between Plaintiff and an unidentified person, where Plaintiff was asked to report to the office,

and, therefore, denies same. Except as so stated, Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25. As to the allegations in Paragraph 25 of the Amended Complaint, Defendant states that, on or about November 22, 2020, Operations Manager Hastie Bibbs informed Plaintiff that his employment was terminated, and Area Supervisor Craig Ulmer attended the meeting as a witness. Except as so stated, Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint contains a recitation to portions of a statute, 35 Pa. C.S.A. § 10231.2103(b)(1), and Defendant refers to the statute for the contents thereof. Except as so stated, Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

### AS TO "COUNT I"
**(Violations of the Pennsylvania Medical Marijuana Act, 35 Pa. C.S.A. §10231.101, *et seq.*)**

29. Defendant repeats and reiterates each and every response contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30. The allegations set forth in Paragraph 30 of the Amended Complaint assert a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's medical conditions and on that basis denies it.

31. The allegations set forth in Paragraph 31 of the Amended Complaint assert a legal conclusion to which no response is required. To the extent a further response is required,

6

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's medical conditions and on that basis denies it.

32. The allegations set forth in Paragraph 32 of the Amended Complaint assert a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. As to the allegations in Paragraph 33 of the Amended Complaint, Defendant states that, on or about November 15, 2020, Plaintiff was required to submit to a drug test because he was involved in a work-related accident that resulted in property damage. Except as so stated, Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. As to the allegations in Paragraph 34 of the Amended Complaint, Defendant states that Plaintiff reported to Area Supervisor Craig Ulmer and Operations Manager Hastie Bibbs that he would likely fail the drug test because he was taking marijuana for a medical condition. Except as so stated, Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 35 of the Amended Complaint as to what Plaintiff told an unidentified member of "Defendant's Management," and, therefore, denies same. Except as so stated, Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint contains a recitation to portions of a statute, 35 Pa. C.S.A. §10231.2103(b)(1), and Defendant refers to the statute for the contents thereof. Defendant further denies the legal argument contained in Paragraph 37, and its footnote.

Except as so stated, Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     No response is necessary to the "WHEREFORE" Paragraph in the Amended Complaint.  To the extent a further response is required, Defendant denies that any of the relief sought by Plaintiff is warranted or appropriate, sustainable in fact, or available in law.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

At no time did Defendant violate any rights Plaintiff has or may have had under any federal, state, or local law, rules, regulations, or guidance.

### THIRD DEFENSE

At no time did Defendant breach any statutory, common law, or other duty to Plaintiff.

### FOURTH DEFENSE

All of Defendant's decisions, actions, and/or omissions with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons.

### FIFTH DEFENSE

Plaintiff did not incur any damages or injury that are legally or factually attributable to Defendant.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, or his recoverable damages (if any, and which Defendant denies) should be reduced, because he failed to take reasonable steps to mitigate his damages.

**SEVENTH DEFENSE**

Defendant is immune to liability based on the provisions of the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.2103(b)(2) and (b)(3).

**EIGHTH DEFENSE**

Even if Plaintiff could prove that his alleged status as an individual who is certified to use medical marijuana was a factor in any employment decision, Defendant would have made the same decision.  In other words, even if his alleged status as an individual who is certified to use medical marijuana played any role in Defendant's decision to terminate his employment, it was not the "sole" reason.  *See* 35 P.S. § 10231.2013(b)(1).

**NINTH DEFENSE**

Plaintiff's Amended Complaint is barred on the basis that there is no private right of action under the Pennsylvania Medical Marijuana Act.

**TENTH DEFENSE**

Pennsylvania's Medical Marijuana Act and/or the application thereof to this action is preempted by various federal statutes including, but not limited to, the federal Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, and the Food and Drug Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*

9

## ELEVENTH DEFENSE

Plaintiff's claims, in whole or part, are barred to the extent that 35 P.S. § 10231.510 applies to this action.

## TWELFTH DEFENSE

Plaintiff is not entitled to any award of compensatory, punitive damages, or other non-economic damages, which are not recoverable under the claim(s) asserted in the Amended Complaint.

## THIRTEENTH DEFENSE

All actions taken or omitted by Defendant with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness, therefore barring Plaintiff from seeking punitive damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that judicial estoppel may bar the assertion of his claims or the recovery of damages from Defendant.

## FIFTEENTH DEFENSE

To the extent that Plaintiff purports to allege a claim or claims for emotional and/or mental distress, and/or physical injuries, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to satisfy, exhaust, and/or comply with the necessary statutory and/or administrative prerequisites prior to the commencement of this action.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel or laches.

### EIGHTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### NINETEENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under the United States Constitution, and/or the Constitution of the Commonwealth of Pennsylvania.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses or claims which may become known during the course of discovery, and thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative and Other Defenses.

**WHEREFORE**, Defendant requests that the Court:

(a) Dismiss with prejudice Plaintiff's Amended Complaint;

(b) Deny each and every demand, claim, and prayer for relief in Plaintiff's Amended Complaint;

(c) Award to Defendant reimbursement for costs, including attorneys' fees; and

(d) grant such other and further relief as the Court deems just and proper.

Firm:52311909v1

|  |  |
|---|---|
| Dated:  February 26, 2021 | EPSTEIN BECKER & GREEN, P.C. |
|  | */s/ Clara H. Rho* |
|  | Clara H. Rho (Bar No. 328627)<br>One Gateway Center, 13th Fl.<br>Newark, New Jersey 07102<br>Telephone:  (973) 642-1900<br>Facsimile:  (973) 639-8559<br>crho@ebglaw.com |
|  | Attorneys for Defendant<br>Home Depot U.S.A., Inc. |

Firm:52311909v1