

Attorneys at Law

Patrick G. Brady
t  973.639.8261
f  973.639.8556
pbrady@ebglaw.com

June 21, 2021

**VIA ECF**

Honorable Jeffrey L. Schmehl, U.S.D.J.
United States District Court
Eastern District of Pennsylvania
The Gateway Building, 5th Floor
201 Penn Street
Reading, PA 19601

      Re:   **Justin Fassnacht v. Home Depot U.S.A., Inc.**
             **Civil Action No.:  21-cv-0269 (JLS)**

Dear Judge Schmehl:

      On behalf of Defendant Home Depot U.S.A., Inc. ("Home Depot"), please accept Home Depot's response to Plaintiff's June 14, 2021 Motion to Compel non-party First Advantage to comply with a subpoena *duces tecum* for the production of documents ("Motion to Compel").  ECF No. 23.  Plaintiff's subpoena to non-party First Advantage appears to be facially defective.  *See* ECF No. 23-1, Exh. A.  Because Plaintiff fails to demonstrate that he has satisfied the requirements of Fed. R. Civ. P. 45 for properly serving a subpoena on a nonparty, Plaintiff's Motion to Compel should be denied.

      Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45.  *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit.").  Under Fed. R. Civ. P. 45, personal service of a subpoena is required.  Rule 45(b)(1) states, "[s]erving a subpoena requires delivering a copy to the named person."  Furthermore, although a subpoena "may be served at any place within the United States," Fed. R. Civ. P. 45(b)(2), it may only compel compliance within the state or within 100 miles of where "the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c).

      To prove sufficient service, a party must file "with the issuing court a statement showing the date and manner of service and the names of the persons served" and such statement "must be certified by the server."  Fed. R. Civ. P. 45(b)(4).  Plaintiff, as the party asserting validity of service, bears the burden of proof.  *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

      "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required to effectuate the Rule's 'delivery' requirement."  9A Wright, Miller, Kane, & Marcus, *Federal Practice and Procedure* § 2454 (3d ed. 2014).  Although the Third Circuit has not decided this

Honorable Jeffrey L. Schmehl
June 21, 2021
Page 2

issue, district courts within the Third Circuit have consistently applied Rule 45's service requirement strictly. *See, e.g. Alfamodes Logistics Ltd. Liability Co. v. Catalent Pharma Solutions, LLC*, No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (explaining that efforts to deliver nonparty subpoenas, and to contact the nonparties by phone and former counsel "do not amount to personal service under Fed. R. Civ. P. 45, because the nonparties have not obtained possession or control of the subpoenas by receiving, in effect or actuality, the subpoenas in-hand."); *Whitmer v. Lavida Charter, Inc.*, No. 91-0607, 1991 WL 256885, at *2 (E.D. Pa. Nov. 26, 1991) ("Personal service is required.").

Rule 45, however, does not specify what constitutes personal service on a corporation. Service of a subpoena on a corporation "may be made by using the analogous method of service of process on that entity under Rule 4." 9A Moore's Federal Practice § 45.21. "A corporation may be served through an officer or agent explicitly or implicitly authorized to accept service of process." *In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir.1985) (*citing* Fed. R. Civ. P. 4). Rule 4 also permits service in any manner authorized by the law of the state where the district court is located or service is made. Fed. R. Civ. P. 4(e)(1).

Pennsylvania Rule of Civil Procedure 424 provides that "[s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons":

(1) an executive officer, partner or trustee of the corporation, or
(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation, or
(3) an agent authorized by the corporation in writing to receive service of process for it.

*See* 231 Pa. Code § 424. Thus, under Pennsylvania law, when a subpoena is served on a corporation, it must be delivered to an "officer, partner or trustee," or other agent authorized to accept service.

In this case, it appears that Plaintiff's counsel simply mailed the subpoena, by regular mail, to First Advantage in Bolingbrook, Illinois. *See* ECF No. 23-1, Exh. A. The subpoena is addressed to: First Advantage, 480 Quadrangle Drive, Bolingbrook, IL 60440. *Id*. The subpoena was not delivered to an officer or agent authorized to accept service on behalf of First Advantage. Moreover, the subpoena improperly requires that First Advantage produce the requested documents to counsel's office in Bensalem, Pennsylvania, more than 100 miles away. *See* ECF No. 23-1, Exh. A. Bensalem, Pennsylvania is clearly outside the geographical limits imposed by Fed. R. Civ. P. 45(c)(2)(A). *See* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)."); *RSUI Indemnity Company v. National Rifle Association of Am.*, No. MC-20-6-D, 2020 WL 4194526, at *2 (W.D. Okl. July 21, 2020) (quashing subpoena and holding that although "Rsui can produce the documents electronically or by mail without traveling," such does not circumvent the geographical limits of Rule 45(c)).

A subpoena that fails to comply with Rule 45's strict service requirements is deficient and cannot be the basis for a motion to compel. *See Whitmer*, 1991 WL 256885 at *2 (holding "personal service is required" and denying motion for contempt when form of service of subpoena was invalid

Honorable Jeffrey L. Schmehl
June 21, 2021
Page 3

under Rule 45); *Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc*., No. 16-2470, 2017 WL 1471491, at *2 (M.D. Pa. Apr. 25, 2017) ("Where a subpoena has been served upon a witness who resides, works, and transacts business beyond the 100 miles limit prescribed by Rule 45, we have not hesitated to quash that subpoena").

      Accordingly, the Court should deny Plaintiff's Motion to Compel.

      Respectfully submitted,

      *s/Patrick G. Brady*

      Patrick G. Brady

PGB:aml
cc:    Adam C. Lease, Esq. [via ECF]

Firm:53298522v1